IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYDER IRONWOLF BLOODAXE,

Plaintiff,

v.

JEFFREY STEPHENSON, et al.,

Defendants.

Case No. 6:25-cv-02178-AN

ORDER

NELSON, District Judge.

This prisoner civil rights case comes before the Court on a variety of pending motions. On August 10, 2026, Plaintiff moved for leave to file an amended complaint. Defendants have not objected, thus the Motion (#63) is granted and the "Proposed Second Amended Complaint" (#91) is now the operative pleading in the case. Defendants' answer to the Second Amended Complaint is due within 21 days of the date of this Order. The pending Motion to Dismiss (#54) filed as to the previous Amended Complaint (#47) is denied as moot.

Plaintiff also asks the Court to appoint counsel to represent him. Pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn*

*v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In order to determine whether exceptional circumstances exist, this court evaluates Plaintiff's likelihood of success on the merits and his ability to articulate his claim *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel. The Motion for Appointment of Counsel (#65) is therefore denied.

Plaintiff also asks the Court for permission to conduct remote depositions of all Defendants and four employees of the Oregon Department of Corrections ("ODOC"). He also asks that the Court order Defendants to arrange for a person to administer an oath to each witness and to provide Plaintiff with digital recordings of each deposition. Plaintiff's Motion improperly shifts the financial burden associated with his desired depositions on persons or entities other than himself. *See* Fed. R. Civ. P. 30(b)(3)(A) (party requesting deposition bears recording costs). The Motion to Conduct Remote Deposition (#71) is denied.

Plaintiff moves the Court for an Order directing ODOC to allow his mother to send him mail related to his case. He claims that she has tried on more than one occasion to send declarations, emails, and more but that the documents were rejected by ODOC without reason or notice. Plaintiff essentially seeks a preliminary injunction against a non-party with respect to an issue not raised in the case. Because ODOC is a non-party, and as Plaintiff has no chance of success on the merits of a claim he has not raised, his Motion for Court Order (#73) lacks merit.

*See Winter v. Natural Res. Def. Council, Inc.,* 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

Plaintiff also asks the Court to compel Defendants to produce for inspection and copying documents he requested on May 13, 2026, May 19, 2026, May 26, 2026, and “all others.” He then supplements his five-page Motion (#75) with a 16-page supporting memorandum (#76), a four-page Declaration (#77), and an Exhibit (#77-1) of all of his discovery requests and responses that totals 88 pages. Discovery motions are limited to 10 pages/3,000 words, exclusive of exhibits. Local Rule 26-3(b). Plaintiff has essentially provided the Court with a 25-page discovery motion in violation of Rule 26-3(b). In addition, he is required to provide only the pertinent discovery requests at issue, responses thereto, and brief argument as to why he is entitled to the discovery Local Rule 37-1, not wholesale reproductions of all requests and responses. Because he has not complied with these Rules, his Motion to Compel (#75) is denied.

Plaintiff next moves the Court to hold Defendants in contempt for failing to collect the civil filing fee from his prison trust account over time for forwarding to the Clerk toward satisfaction of the filing fee for this lawsuit. He claims that officials within ODOC are prioritizing the collection of ODOC debts from inflowing money to his trust account over the financial obligation to this Court as reflected in its Order (#7) dated December 1, 2025. Although Plaintiff asks the Court to hold all Defendants in contempt, he has not established how any named Defendant is responsible for collection of the civil filing fee from his account. It does not appear that any Defendant is associated with the Central Trust Unit the Court previously tasked with the collection of the civil filing fee thus, even assuming Plaintiff’s arguments about debt

collection priority are well taken, it would not be appropriate to hold any Defendant in contempt. For these reasons, Plaintiff's Motion for Contempt Against Defendants (#80) is denied.

Finally, Defendant Erik Stewart moves for additional time to respond to Plaintiff's discovery requests. Defendant Stewart's responses are currently due September 21, 2026. The Motion for Extension of Time (#88) is granted, and his responses are now due by October 5, 2026.

**CONCLUSION**

Plaintiff's Motion to Amend (#63) is granted, and the Proposed Second Amended Complaint (#91) is now the operative pleading in this case. The Clerk is DIRECTED to alter this docket entry to real "Second Amended Complaint." Defendants' answer to the Second Amended Complaint is due within 21 days. The pending Motion to Dismiss (#54) is denied as moot.

Plaintiff's Motion for Appointment of Counsel (#65), Motion to Conduct Remote Deposition (#71), Motion for Court Order (#73), Motion to Compel (#75), and Motion for Contempt Against Defendants (#80) are denied. Defendant Stewart's Motion for Extension of Time (#88) is granted. Defendant Stewart's responses to Plaintiff's discovery requests are now due by October 5, 2026.

IT IS SO ORDERED.

September 23, 2026
DATE

Adrienne Nelson
Adrienne Nelson
United States District Judge